# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PADRE HOTEL, LP,<br><br>　　　　Defendant. | 1:18-cv-01145-LJO-JLT<br><br>**ORDER TO SHOW CAUSE RE DUPLICATIVE CASE** |

On December 7, 2017, Plaintiff Theresa Brooke filed a lawsuit against Defendant Padre Hotel asserting that the Padre Hotel violated Title III of the Americans with Disabilities Act by failing to have a passenger loading zone that complies with the 2010 Standards of Accessible Design, as well as state law claims. *See Theresa Brooke v. Padre Hotel, L.P.*, No. 1:17-cv-01640-LJO-JLT (E.D. Cal.) (hereafter, "*Padre Hotel I*"). Plaintiff sought leave to amend the complaint under Rule 15 of the Federal Rules of Civil Procedure to add a claim concerning the availability of suites and corner rooms at the Padre Hotel, asserting that the hotel offers "only basic rooms that are ADA accessible." *Padre Hotel I*, ECF No. 16 at 4. Magistrate Judge Jennifer Thurston denied Plaintiff leave to amend, noting that Plaintiff did not timely file for leave to amend, and did not demonstrate good cause for the untimely filing of the amended pleading late under Rule 16. *Id.* at 5-6.

Plaintiff then proceeded to file the instant action against Defendant Padre Hotel on August 24,

1

2018. *See Theresa Brooke v. Padre Hotel, L.P.*, No. 1:18-cv-01145-LJO-JLT (E.D. Cal.) (hereinafter "*Padre Hotel II*"). Plaintiff's complaint in the instant *Padre Hotel II* action is substantively the same as the amended portion of the complaint that Plaintiff was denied leave to file in *Padre Hotel I*. *Compare Padre Hotel I*, ECF No. 11-2 *with Padre Hotel II*, ECF No. 1. Indeed, Plaintiff concedes in the *Padre Hotel II* complaint that *Padre Hotel I* and *Padre Hotel II* are related cases, that "the same law applies, and the facts are very similar," and that the two cases "should be consolidated." *Padre Hotel II*, ECF No. 1 ¶ 31.

The complaint in *Padre Hotel II* raises the question of whether the *Padre Hotel II* action represents impermissible claim splitting. The prohibition against claim splitting bars subsequent litigation involving the same subject matter, *Single Chip Systems Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1058 (S.D. Cal. 2007), and is designed "to protect the defendant from being harassed by repetitive actions based on the same claim." *Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 328 (9th Cir. 1995). In assessing whether a suit is duplicative, Ninth Circuit case law looks to the causes of action asserted, the relief sought, and the parties to the action. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007) (overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880 (2008)). A suit is deemed duplicative if the claims, parties, and available relief do not vary significantly between the two actions. *Id.*

The Ninth Circuit applies a "transaction" test to determine whether the causes of action in successive suits are identical. *Adams*, 487 F.3d at 690. Four criteria are weighed in the transaction test:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). The last criteria, "whether the two suits arise out of the same transactional nucleus of facts," is the most important. *Id.* at 1202.

Here, the parties in both suits are identical. The relief sought – declaratory injunctive relief

2

under the ADA and monetary and injunctive relief under the Unruh Act and the California Disabled Persons Act – is also the same.

Applying the transaction test in *Adams* to determine whether the claims are closely related, all four factors are met. Beginning with the fourth and most important factor, the two suits indisputably arise from the same transactional nucleus of facts, as Plaintiff readily concedes in the *Padre II* complaint. ECF No. 1 ¶ 31. The complaints in each action allege that Plaintiff is disabled person who attempted to stay at the Padre Hotel in Bakersfield in December of 2017, but was prevented from doing so by disability access barriers at the establishment. *Padre II*, ECF No. 1 ¶¶ 23-25; *Padre I*, ECF No. 1 ¶¶ 6-8. Plaintiff also alleges in each case that she had plans to return to Bakersfield later this year to stay at the Padre Hotel. *Id.* Because the two actions arise from the same transaction nucleus of facts, substantially the same evidence would be presented in each action, thereby satisfying the second factor. In both actions, Plaintiff would have to present evidence that she is a disabled person who was prevented from patronizing the Padre Hotel by discriminatory barriers and that she is deterred by those barriers from visiting the Padre Hotel in the future.

As to the first factor – whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action – the court's order in *Padre Hotel I* denying leave to amend would be rendered meaningless if *Padre Hotel II* were permitted to go forward. *See Oxbow Energy, Inc. v. Koch Indus., Inc.*, 686 F. Supp. 278, 282 (D. Kan. 1988) (noting the "absurd" result if the plaintiffs were allowed to split their claims and thereby reverse the decision to deny their motion to amend); *Estrada v. City of San Luis*, No. CV-07-1071-PHX-DGC, 2008 WL 3286112, at *3 (D. Ariz. Aug. 7, 2008) (same). The third factor is also met. The two suits each allege infringement of Plaintiff's right to be free from disability discrimination under the ADA, Unruh Act, and California Disabled Persons Act.

It is also worth noting again that the filing of *Padre Hotel II* appears to be an attempt to circumvent the court's order denying leave to ament the complaint in *Padre Hotel I*. In *Single Chip*

3

*Systems*, the district court dismissed a defendant's 2007 action under the claim splitting doctrine where the court had denied the defendant leave to file an amended counterclaim in a 2004 action in the same court. *See* 495 F. Supp. 2d at 1058-65. Similarly, the Northern District of California found that the claim splitting doctrine barred a plaintiff from asserting infringement of the same patent in a second action where the court had denied the plaintiff's motion for leave to amend the infringement claim in the first action. *See Biogenex Labs., Inc. v. Ventana Med. Sys., Inc.*, No. C-05-860-JF, 2005 WL 1869342, *2-4 (N.D. Cal. Aug. 5, 2005); *see also Adams*, 487 F.3d at 687 (upholding dismissal of action on claim splitting grounds where district court denied leave to amend in the first-filed action because plaintiff failed to demonstrate good cause and because granting leave to amend would prejudice the defendants already named in the complaint).

In sum, it appears that the instant *Padre Hotel II* action is duplicative of *Padre Hotel I*. Therefore, Plaintiff is ORDERED to show cause in writing **on or before September 12, 2018** why *Padre Hotel II* should not be dismissed as duplicative of *Padre Hotel I*.

IT IS SO ORDERED.

Dated: **September 4, 2018**        /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE